UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case. No.:

**SONIA PRIETO VEGA**,

    Plaintiff,

vs.

**UNITED STATES PHARMACEUTICAL GROUP, LLC and STEPHEN FARRELL, individually,**

    Defendants.

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff, SONIA PREITO VEGA, was an employee of Defendants, UNITED STATES PHARMACEUTICAL GROUP, LLC and STEPHEN FARRELL, individually, (collectively "Defendants"), and brings this action on behalf of herself and other similarly situated employees of Defendants to recover overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. Seq.

2. At all times material hereto, Plaintiff performed non-exempt labor duties on behalf of the Defendants in Broward County, Florida, within the jurisdiction and venue of this Court.

3. Plaintiff SONIA PRIETO VEGA was hired by Defendants in approximately October 2011 and worked for Defendants through approximately July 2012.

4. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

5. Defendants, UNITED STATES PHARMACEUTICAL GROUP, LLC and STEPHEN FARRELL, individually, own and/or operate a company for profit in Broward Beach County, Florida, and employ persons such as Plaintiffs and other similarly situated employees to work on their behalf in providing labor for their practice. These Defendants are within the personal jurisdiction and venue of this Court.

6. At all times material hereto, Defendant STEPHEN FARRELL managed, owned and/or operated an enterprise, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business. By virtue of such control and authority, STEPHEN FARRELL, was an employer of Plaintiff as such term is defined by the Act. 29 U.S.C. §201 et seq.

7. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

8. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

9. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiffs are in the possession and custody of Defendants.

10. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

11. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

12. At all times pertinent to this Complaint, Defendants owned an operation and were an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s). Based upon information and belief, the annual gross sales volume of the Defendants' business was in excess of $500,000.00 per annum at all times material hereto.

13. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce so as to fall within the protections of the Act.

14. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for the period of time each day they were engaged to wait on behalf of Defendants.

15. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked on or after October 4, 2009, and did not receive the required time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

16. Plaintiff has retained the Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

17. Plaintiff realleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 16 above.

18. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

19. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

20. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to her at time and one half of their regular rate of pay for all hours worked in excess of forty (40) hours per week. The failure of Defendants to compensate Plaintiff at her given rate of pay for all hours worked is in violation of the FLSA.

21. Defendants, therefore, are liable to Plaintiff, and others similarly situated, in the amount of their unpaid hours and overtime compensation.

22. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

23. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## DEMAND FOR JURY TRIAL

24. Plaintiff demands trial by jury as to all issues so triable.

WHEREFORE, Plaintiff, SONIA PRIETO VEGA, and those similarly situated to her, demand judgment against Defendants, UNITED STATES PHARMACEUTICAL GROUP, LLC, and STEPHEN FARRELL, individually, for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated:  October 4, 2012

Respectfully submitted,

s/ Andrew I. Glenn
Andrew I. Glenn, Esq.
E-mail:  AGlenn@JaffeGlenn.com
Florida Bar No. 577261
Jodi J. Jaffe, Esq.
Email: JJaffe@JaffeGlenn.com
Florida Bar No. 865516
**JAFFE GLENN LAW GROUP, P.A.**
12000 Biscayne Blvd., Suite 707
Miami, Florida 33181
Telephone: (305) 726-0060
Facsimile: (305) 726-0046
Attorneys for Plaintiff