UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 12:cv-61965-RNS

SONIA PRIETO VEGA,

       Plaintiff,

v.

UNITED STATES PHARMACEUTICAL
GROUP, LLC and STEPHEN FARRELL,
individually,

       Defendants.
_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, UNITED STATES PHARMACEUTICAL GROUP, LLC ("USPG") and STEPHEN FARRELL ("Farrell") (collectively "Defendants"), through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint") and state as follows. Defendants deny any allegation contained in the Complaint that is not specifically admitted herein.

    1.    In response to the allegations contained in paragraph 1 of the Complaint, Defendants admit that Plaintiff was employed by USPG and admit that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., ("FLSA"), but deny that Defendants violated the FLSA regarding Plaintiff or any "other similarly situated employees" as alleged therein. Defendants deny the remaining allegations contained in paragraph 1 of the Complaint.

    2.    Defendants admit the allegations contained in paragraph 2 of the Complaint solely as to USPG, but deny the allegations contained in paragraph 2 as to Farrell.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint solely as to USPG, but deny the allegations contained in paragraph 3 as to Farrell.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint, except admit that jurisdiction and venue are proper in this Court as to Plaintiff's claims against USPG.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in paragraph 7 of the Complaint.

8. In response to the allegations contained in paragraph 8 of the Complaint, Defendants admit that Plaintiff purports to bring this action under the FLSA, but deny that they violated the FLSA regarding Plaintiff and deny that Plaintiff is entitled to any relief in this action. Defendants are without sufficient knowledge or information as to "all other current and former employees similarly situated during the material time" whom are referred to in paragraph 8 of the Complaint and, therefore, denies said allegations.

9. In response to the allegations contained in paragraph 9 of the Complaint, Defendants admit that USPG has in its possession records relating to the hours Plaintiff worked during her employment with USPG. Defendants are without sufficient knowledge or information regarding the remaining allegations contained in paragraph 9 and, therefore, deny said allegations.

10. In response to the allegations contained in paragraph 10 of the Complaint, Defendants admit that USPG has in its possession records relating to Plaintiff's compensation during her employment with USPG. Defendants are without sufficient knowledge or

information regarding the remaining allegations contained in paragraph 10 and, therefore, deny said allegations.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint, except admits that this Court has jurisdiction as to Plaintiff's claims against USPG.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint solely as to USPG, but deny the allegations contained in paragraph 12 as to Farrell.

13. Defendants are without sufficient knowledge or information regarding the allegations contained in paragraph 13 of the Complaint and, therefore, deny said allegations.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants are without sufficient knowledge or information regarding Plaintiff's relationship with counsel and, therefore, deny the allegations contained in paragraph 16 of the Complaint.

**COUNT I – RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA**

17. Defendants reaffirm and reallege their responses to paragraphs 1 through 16 above as if fully set forth herein.

18. In response to the allegations contained in paragraph 18 of the Complaint, Defendants admit that Plaintiff was entitled to be compensated by her employer USPG for overtime hours worked, but deny that Plaintiff was ever compensated improperly and state that Plaintiff was paid for all hours worked.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants admit that Plaintiff has demanded a jury trial in this action, but deny that there are any issues so triable.

In response to the unnumbered WHEREFORE clause following paragraph 24 of the Complaint, Defendants admit that Plaintiff seeks the relief set forth therein, but deny that Plaintiff is entitled to any relief whatsoever in this action.

## **AFFIRMATIVE DEFENSES**

1. Defendants assert that Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Defendants deny any liability under or within the meaning of the FLSA for overtime compensation. However, to the extent that the Court may determine that Defendants' acts or omissions cast them in liability under such statute, Plaintiff's claims are, nonetheless, barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

3. Every portion of the Plaintiff's claims that arise outside of the two-year statute of limitations period prior to the date of filing the Complaint are barred by the limitations set forth in the Portal-to-Portal Act, 29 U.S.C. § 255.

4. Every portion of the claims brought by any similarly situated employees referred to in the Complaint that arise outside of the two-year statute of limitations period prior to the filing of written consent with the Court in this action by such similarly situated employee(s) are barred by the limitations set forth in the Portal-to-Portal Act, 29 U.S.C. §§ 255 & 257.

5. Plaintiff's claims for liquidated damages, as well as liquidated damages claims brought by any similarly situated employees referred to in the Complaint, are barred because Defendants did not willfully violate and, in fact, acted in good faith regarding the requirements of the FLSA.

6. Defendants assert that they are not subject to liability under the FLSA for any alleged failure to pay overtime compensation for either "preliminary or postliminary activities" or for "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform," in accordance with the Portal-to-Portal Act, 29 U.S.C. § 254.

7. Defendants assert that they are not subject to liability under the FLSA and that this action should be barred because any "omission of overtime payments complained of was in good faith in conformity with and in reliance . . . on administrative practice or enforcement policy of any such agency with respect to the class of employers" of Defendants', in accordance with the Portal-to-Portal Act, 29 U.S.C. § 258.

8. Defendants assert that the claims in the Complaint are barred by payment in that Plaintiff and all other purported similarly situated employees have received all compensation they are entitled to under the FLSA.

9. Defendants assert that all or part of the time which Plaintiff or any purported similarly situated employees seek compensation does not constitute compensable working time, including all meal periods in accordance with 29 C.F.R. § 785.19.

10. In the event of a judgment adverse to Defendants, Plaintiff and any purported similarly situated employees are not entitled to recover both liquidated damages and pre-judgment interest in an action arising under the FLSA.

11. Defendants assert that any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiff, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are *de minimis* and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. § 785.47.

12. Defendant Farrell denies any liability under or within the meaning of the FLSA as regards overtime compensation because he is not an employer within the definition of the FLSA.

13. Defendants assert that Plaintiff is not similarly situated to any other person or persons for purposes of the FLSA.

14. Defendants assert that Plaintiff cannot satisfy the requirements for a collective action under the FLSA.

15. Plaintiff's claims, including claims brought on behalf of purported similarly situated employees, are barred in whole or in part by the doctrines of waiver, estoppel, laches, ratification, acquiescence, unclean hands, accord and satisfaction, payment, and release.

16. Defendants reserve the right to raise any additional affirmative defenses as discovery may reveal.

WHEREFORE, having answered Plaintiff's Complaint herein, and having raised affirmative defenses thereto, Defendants respectfully request that the Court enter an Order: (a) dismissing Plaintiff's Complaint with prejudice; (b) awarding Defendants the costs and disbursements of this action, including attorneys' fees; and (c) awarding Defendants such other and further relief as the Court deems just and proper.

Date: October 30th, 2012
Miami, Florida

          Respectfully submitted,

          **AKERMAN SENTERFITT**
          One Southeast Third Avenue - 25th Floor
          Miami, FL  33131-1714
          Phone:  (305) 374-5600
          Fax:  (305) 374-5095


By:__s/Jennifer T. Williams_____
    Susan N. Eisenberg, Esq. (600393)
    Email:  susan.eisenberg@akerman.com
    Jennifer T. Williams, Esq.(0174203)
    Email: jennifer.williams@akerman.com
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on October 30th, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


          _/s/ Jennifer T. Williams_____
          Jennifer T. Williams

## **SERVICE LIST**

*Sonia Prieto Vega v. United States Pharmaceutical Group, LLC & Stephen Farrell*
*Case No: 12-cv-61965-RNS*

**United States District Court, Southern District of Florida**

Andrew I. Glenn, Esquire
Fla. Bar No. 577261
AGlenn@JaffeGlenn.com
Jodi J. Jaffe, Esq.
Florida Bar No. 865516
JJaffe@JaffeGlenn.com
JAFFE GLENN LAW GROUP, P.A.
12000 Biscayne Blvd., Suite 707
Miami, FL 33181
Telephone: (305) 726-0060
Facsimile: (305) 726-0046
**Counsel for Plaintiff**

*Served Via CM/ECF*

Susan N. Eisenberg, Esquire
Florida Bar No. 600393
susan.eisenberg@akerman.com
Jennifer T. Williams, Esq.
Florida Bar No. 0174203
jennifer.williams@akerman.com
AKERMAN SENTERFITT
One S.E. Third Avenue, 25th Floor
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile (305) 374-5095
**Counsel for Defendants**

*Served Via CM/ECF*