UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 12:cv-61965-RNS

SONIA PRIETO VEGA,

       Plaintiff,

v.

UNITED STATES PHARMACEUTICAL
GROUP, LLC and STEPHEN FARRELL,
individually,

       Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

Plaintiff Sonia Prieto Vega ("Plaintiff") and Defendants United States Pharmaceutical Group, LLC and Stephen Farrell (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 41(a)(2) and this Court's Order dated December 20, 2012 [D.E. 13], hereby notify the Court that the Parties have resolved this matter and all claims raised herein and stipulate to the dismissal of this action with prejudice.  As such, the Parties file this Joint Motion to Approve Settlement and Dismiss with Prejudice and state as follows:

### FACTUAL BACKGROUND

1.    Plaintiff filed her Complaint on or about October 4, 2012, in which Plaintiff seeks overtime compensation under the Fair Labor Standards Act ("FLSA"). [D.E. 1].  On October 24, 2012, Plaintiff also filed a Notice of Consent to Join this action. [D.E. 5].

2.    On October 30, 2012, Defendants filed their Answer and Affirmative Defenses to the Complaint, [D.E 6], in which they, *inter alia*: (a) denied that Plaintiff worked any hours, including overtime hours, for which she was not compensated; (b) asserted that Plaintiff's claim

for liquidated damages could not be sustained because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA; and (c) asserted that Defendant Stephen Farrell was not a proper Defendant in this case because he was not an FLSA-covered employer.

3. The Parties have exchanged documents and information regarding Plaintiff's claims and Defendants' defenses through Plaintiff's statement of claim, and Defendants' response thereto. Specifically, pursuant to the Court's Notice of Practice in FLSA Cases, on November 6, 2012, which set forth amounts allegedly owed in overtime and liquidated damages. [D.E. 7].

4. On November 16, 2012, Defendants filed their Response to Plaintiff's Statement of Claim [D.E. 10], in which Defendants notified the Court that they had provided Plaintiff's counsel with Plaintiff's time and pay records. These records reflected Plaintiff's hours worked and wages paid during her employment and further reflected that Plaintiff was paid for all hours worked during her employment (including overtime hours).

5. On Friday, December 14, 2012, after negotiations between counsel, the Parties reached an agreement to resolve this action.

6. Despite agreeing to resolve Plaintiff's claims in this case, Defendants continue to deny that Plaintiff is entitled to additional wages under the FLSA. Notwithstanding the factual and legal defenses that Defendants believe are applicable in this matter, Defendants determined that they preferred to amicably conclude the instant litigation, while taking into account the cost and time associated with the ongoing defense of this case. Additionally, Defendants have also taken into account the uncertainty and risks inherent in any litigation.

7.       The Parties jointly submit to the Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendants to evaluate the Parties' claims and defenses and make recommendations regarding the resolution of this matter.

8.       The Parties' Settlement Agreement contains a confidentiality provision as to the terms and conditions of the Parties' settlement.  Accordingly, should the Court desire to review the Parties' Settlement Agreement, the Parties respectfully request that they be permitted to provide the Court a copy of their Agreement for review at a fairness hearing or *in camera* in determining whether the settlement is a fair and reasonable compromise of Plaintiff's FLSA claims.

## MEMORANDUM OF LAW

In agreeing upon their settlement reached herein, the Parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses.  The Parties also respectfully submit that the settlement reached among the Parties should be approved by this Court as fair and reasonable. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Pursuant to *Lynn's Food,* the Court's review of the Parties' Settlement Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.  The Court should be mindful of the strong presumption in favor of finding a settlement fair.  *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007).

At all times material hereto, Plaintiff and Defendants were represented by counsel experienced in the litigation of the FLSA claim.  Both the terms and conditions of the Settlement

Agreement and the settlement amount were the subject of arms-length negotiations. The settlement amount provided to Plaintiff is based on information learned through the exchange of Court-ordered initial statements of claim, exchange of payroll records, and negotiations between counsel. The Parties, therefore, respectfully submit that that their Settlement Agreement represents a reasonable compromise of Plaintiff's claims consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food.*

Based upon the foregoing, the Parties respectfully submit that the settlement reached herein was a reasonable compromise that was arrived at after due consideration. Pursuant to *Lynn's Food*, the Parties request that the Court approve the Parties' settlement as fair and reasonable and dismiss this case with prejudice. Should the Court require review of the Parties' Settlement Agreement, the Parties further request that the Court review the Agreement either at a fairness hearing or *in camera* to protect the confidential nature of the Parties' settlement.

Dated: January 16th, 2013.

Respectfully submitted,

| | |
|---|---|
| Jodi J. Jaffe, Esquire | Susan N. Eisenberg, Esquire |
| Fla. Bar No. 865516 | susan.eisenberg@akerman.com |
| JJaffe@JaffeGlenn.com | Jennifer T. Williams, Esquire |
| Andrew I. Glenn, Esq. | jennifer.williams@akerman.com |
| Florida Bar No. 8577261 | Akerman Senterfitt |
| AGlenn@JaffeGlenn.com | One Southeast Third Avenue, 25th Floor |
| JAFFE GLENN LAW GROUP, P.A. | Miami, Florida 33131 |
| 12000 Biscayne Blvd., Suite 707 | Telephone: (305) 374-5600 |
| Miami, FL 33181 | Facsimile: (305) 374-5095 |
| Telephone: (305) 726-0060 | Attorney for Defendants, UNITED STATES |
| Facsimile: (305) 726-0046 | PHARMACEUTICAL GROUP, LLC & |
| Attorney for Plaintiff, SONIA PRIETO VEGA | STEPHEN FARRELL |

By: s/Jodi J. Jaffe_____  By: s/Jennifer T. Williams _____

## SERVICE LIST

*Sonia Prieto Vega v. United States Pharmaceutical Group, LLC & Stephen Farrell*
*Case No. 12-cv-61965-RNS*

**United States District Court, Southern District of Florida**

Jodi J. Jaffe, Esquire
Florida Bar No. 865516
JJaffe@JaffeGlenn.com
Andrew I. Glenn, Esquire
Fla. Bar No. 577261
AGlenn@JaffeGlenn.com
JAFFE GLENN LAW GROUP, P.A.
12000 Biscayne Blvd., Suite 707
Miami, FL 33181
Telephone: (305) 726-0060
Facsimile:  (305) 726-0046

**Counsel for Plaintiff**

*Served via CM/ECF*

Susan N. Eisenberg, Esquire
Florida Bar No. 600393
susan.eisenberg@akerman.com
Jennifer T. Williams, Esq.
Florida Bar No. 0174203
jennifer.williams@akerman.com
AKERMAN SENTERFITT
One S.E. Third Avenue
25th Floor
Miami, FL  33131
Telephone: (305) 374-5600
Facsimile (305) 374-5095

**Counsel for Defendants**

*Served via CM/ECF*